GEORGE ELLIOTT ET AL. V. THE STATE.

No. 9447.    Delivered November 11, 1925.

**Forfeiture of Bail Bond—Form of Bond—Held Sufficient.**

Where, on a trial of a bond forfeiture, appellants present that the form of the bond is insufficient in its conditions, and such bond is in literal compliance with our Statute, Art. 321 Vernon's C. C. P. his contention cannot be sustained. Following Fentress et al v. State, 16 Tex. Crim. App. 83.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a final judgment on a forfeiture of an appeal bond.

The opinion states the case.

No brief for appellants.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal by the appellants from the District Court of Bowie County upon a final judgment of said court upon a forfeited bail bond.

The sureties on said bond, appellants herein, contend that the bond in question is insufficient as a basis for the judgment rendered by the district court and that said bond is void by

reason of the form thereof.   The portion of said bond complained of is as follows:

"The condition of the above obligation is such that, whereas the above named principal, George Elliott, stands charged by indictment duly presented in the District Court of Bowie County, Texas, with the offense of (a felony)

"Now, if the said George Elliott shall well and truly make his personal appearance before said court now in session to be begun and holden at the court house of said county of Bowie, in the town of Boston, instanter and there remain from day to day and term to term of said court until discharged by due course of law, etc."

It is contended by appellant that by the use of the words "to be begun and holden" in connection with the other wording of the said bond, make same so uncertain and indefinite as to render same invalid.   We are unable to agree with this contention.   The Statute of this State relative to bail bond and covering this portion of the bond in question, Art. 321 Vernon's C. C. P. (5) which is as follows:

"That the bond  state the time and place when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear.   In stating the time, it is sufficient to specify the term of the court; and in stating the place it is sufficient to specify the name of the court or magistrate and of the county."

In Fentress et al. v. State, 16 Tex. Crim. App. 83, this court held through Judge Wilson upon a similar question and wherein the bond therein stated:

"Now if the said Rainey Fentress shall make his personal appearance before the District Court of Bexar County to answer said indictment instanter, to be holden in the town of San Antonio, etc.," that

"Instanter is the only specification of time except that his appearance is to be in the year 1892.   * * * * * * When he bound himself to appear instanter before the District Court of Bexar County he bound himself to appear before said court forthwith without delay.   * * * * * True, it does not appear from the bond that said court was then in session nor do we think that it was essential that it should appear.   The law fixed the terms of that court and the obligors on the bond must presume to have known at the time they executed the bond that said court was or could have been in session in said Bexar County."

It will appear from reading the conditions of the bond in the instant case that it binds the principal to appear before the District Court of Bowie County now in session at the courthouse of said county of Bowie in the town of Boston instanter. Now, we are unable to persuade ourselves to believe that because the bond also states "to be begun and holden etc.," that those terms of themselves would render said bond invalid. We think the terms above quoted and complained of by appellants can easily be classed as superfluous, and being so classed, said bond is very explicit and meets the requirements of the Statute.

For the reasons above stated, we are of the opinion that there is no error shown in the trial of this case and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.